UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 15-08272 JFW (AFMx)                              Date:  October 27, 2015

Title     Elisa K. Jimenez v. Leneisha S. Howard, Marlon T. Muckleral, and Does 1 to 10

Present: The Honorable: John F. Walter, U.S District Judge

| Shannon Reilly | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)        ORDER REMANDING MATTER TO STATE COURT**

    On September 23, 2015, Elisa K. Jimenez ("Plaintiff") instituted unlawful detainer proceedings against Leneisha S. Howard, Marlon T. Muckleral and Does 1 to 10 ("Defendants") in state court. (Notice of Removal at ¶ 1.) Defendants have allegedly continued in unlawful possession of the property located at 2217 Calle Parral, Unit #19, West Covina, California (the "Property") that is owned by Plaintiff. (Compl. ¶¶ 3, 4, 7.) Plaintiff entered into a one year lease with Defendants Howard and Muckleral at a rate of $2000.00 per month. (Compl. ¶ 6.) Plaintiff estimates the fair rental value of the property as $66.66 per day. (Compl. ¶ 11.) On September 18, 2015, Plaintiff served Defendants with a three-day written notice to quit, but Defendants failed to comply with the notice requirements. (Compl. ¶ 7.) Plaintiff filed an unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendants Howard and Muckleral filed an answer on October 6, 2015. The answer denied certain allegations of the complaint, asserted the notice to quit was defective, and alleged a number of affirmative defenses, including that Plaintiff is "arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California." (Ans. ¶ 3(f).) Defendants removed the action to this Court on October 22, 2015. They assert federal question jurisdiction in this Court: "Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal at ¶ 10.) Diversity jurisdiction is not alleged. (Civil Cover Sheet at 1.)

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. <u>CV 15-08272 JFW (AFMx)</u>                        Date: <u>October 27, 2015</u>

Title    <u>Elisa K. Jimenez v. Leneisha S. Howard, Marlon T. Muckleral, and Does 1 to 10</u>

court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants have alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint. Accordingly, Defendants have failed to meet their burden of showing federal question jurisdiction exists.

Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the complaint is alleged not to exceed $10,000 -- well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $2000, plus ongoing damages at a rate of $66.66 per day, the costs of suit, and reasonable attorney fees. (Compl. at ¶¶ 11, 17.) Defendants have made no plausible allegations showing how those damages would exceed $75,000. Nor have Defendants alleged diversity of citizenship.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc: Pro Se Defendants

|  | : |
|---|---|
| **Initials of Preparer** | sr |